### MARCUS MEYER v. STATE.

A house in which unlawful sales of liquor are habitually made is an indictable nuisance, although there is a city ordinance prescribing the penalties for such sales, as such traffic is not only a breach of the city law but also of the statutory policy of the state.

---

On error to the Essex Oyer and Terminer.

Argued at November Term, 1878, before BEASLEY, CHIEF JUSTICE, and Justices WOODHULL and REED.

For the plaintiff in error, *S. Kalisch.*

For the state, *G. N. Abeel.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. This writ of error brings before this court a conviction founded on an indictment for keeping a disorderly house. The disorder proved at the trial consisted, exclusively, in the fact that liquor was habitually sold in such house on Sundays. It also appeared that there was an ordinance of the city of Newark, which was the place of the alleged offence, prohibiting, under a penalty, the sale of liquor on Sunday.

In the recent case of *State* v. *Anderson,* 11 *Vroom* 224, it was held by this court that a statutory provision giving the

power to a municipal tribunal to punish the offence of keeping a disorderly house was in conflict with Article I., Section 9, of the constitution of this state, which declares " that no person shall be held to answer for a criminal offence, unless on the presentment or indictment of a grand jury." And on the same occasion it was further adjudged that the fifty-first *placitum* of the act concerning inns and taverns, (*Rev.*, *p.* 493,) that was designed to take away the jurisdiction of the courts over this offence, by the means of indictment, was so connected with the antecedent clause creating a municipal cognizance over the crime, as to be vitiated and annulled by the association.

In the present instance this subject is presented in a new aspect. The contention at this time is, that the ordinance in the city of Newark forbidding the sale of liquor on Sunday, has superseded the provisions of the state law prohibitive of such sale. The particular section of the general law thus involved is the fiftieth *placitum* of the act relating to inns and taverns, (*Rev.*, *p.* 493,) the purport of the clause being, that the sections of the antecedent law making it penal to sell liquors under the stated conditions, on a Sunday, should not " apply to offences committed in any of the incorporated cities of this state, the ordinances of which provide for the punishment of the unlicensed sale of spirituous liquors, and for the punishment of the sale of spirituous, malt, vinous, fermented or intoxicating liquors on Sunday."

It is certainly indisputable that, by force of the law, wherever the municipal ordinance provides a punishment for the sale, on Sunday, of liquors of the kind specified, the punishment denounced against such act by the general law is not applicable. For the act of making a single forbidden sale on Sunday, the seller is amenable only under the law of the city; he is, for such an offence, dispunishable under the law of the state, and it is upon these premises that the argument of the counsel of the plaintiff in error is constructed, his contention being that inasmuch as a single sale of this kind on a Sunday is but a breach of the city ordinance, repetitions of such sell-

ing, no matter how frequent, cannot constitute an offence of a higher grade. The contention is, that a series of such prohibited acts is nothing more, nor worse, than multiplied violations of a municipal ordinance, and that such violations, however numerous or continued, cannot become an indictable offence at common law.

But this argument is founded on an assumption, the truth of which cannot be conceded. This traffic in sales of spirituous liquor on a Sunday is obviously something more than the disregard of a local ordinance. It is the general statutory law of the state that prohibits it everywhere, and it is this law that everywhere provides for its punishment. The legislature has not seen fit to leave it to the city of Newark to decide whether the practice in question shall be permitted or forbidden within its corporate bounds, but it has imperatively required that it shall be forbidden alike in this city as within the state at large. The statutory situation in this respect is this: in the state generally the act makes the offence punishable by indictment; in cities the same punishment follows the crime, unless in those cases in which an ordinance prescribes the punishment. Thus, by the general law, provision is made that this traffic shall be penal in the city of Newark; the people of that locality cannot dispense with such penal consequence, for all they can do is to declare how great such penalty shall be. By this adjustment the state prohibits the traffic, the local ordinance fixes the extent of the punishment; consequently, when the illegal traffic is practised, the state law is violated and the penalty of the ordinance is incurred. When the rule of universal cessation of this traffic on Sundays is established by legislation, it is altogether a superficial view of the matter that regards an habitual violation of such policy in the light of a mere infringement of local police; for by such traffic the legislative policy of the state at large is infringed, and such series of acts becomes, upon general principles, an indictable offence.

This conclusion dispenses with the necessity of seeking the solution of the question that was argued—and which seems

unenlightened by precedents—whether repeated violations of a municipal ordinance, relating to a subject closely connected with the peace and good order of the city, cannot become so aggravated as to be a nuisance, and as such be indictable at common law.

On the ground stated, the judgment is affirmed.